Dear Mr. Hanna:
You have requested an opinion of this office concerning the propriety of using special tax proceeds to satisfy a federal withholding obligation. The special tax approved by the voters of Tensas Parish stipulated that the revenues were to be used to provide acute medical care and related medical services.
LSA-R.S. 39:704 sets forth the general limitations on the use of special tax proceeds. It provides the following:
The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied . . .
To determine whether the Police Jury may lawfully use the proceeds to extinguish this obligation, it is necessary to examine the scope of the term "related medical services". Black's Law Dictionary defines "medical services" in part as:
All services rendered . . . because of illness . . . which were reasonably necessary for his care and comfort and proper treatment.
Certainly the rendering of services includes providing the necessary personnel. Likewise, compensating that personnel must follow. Furthermore, the collection and remittance of federal withholding taxes is an ancillary obligation associated with compensating employees. This remittance is no less an expense of the hospital than a medical equipment expenditure would be.
It is the opinion of this office that the prohibitions set forth in R.S.39:704 have not been violated by using the special tax proceeds to satisfy withholding tax obligations. These withholdings are a necessary function of providing acute medical care and related medical services. Therefore, the payment is consistent with the object and purpose of the special tax.
I trust this answers your inquiry. Please do not hesitate to contact me if I can be of further assistance.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
JMR:rjh 0520l